O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DEWEY STEVEN TERRY, III, | ) | NO. CV 11-9833-SVW (MAN) |
| Petitioner, | ) | |
| v. | ) | ORDER:  DISMISSING PETITION |
| MICHAEL MARTEL, | ) | WITH PREJUDICE; AND DENYING |
| Respondent. | ) | CERTIFICATE OF APPEALABILITY |

On November 18, 2011, Petitioner, a California prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Eastern District of California ("Petition").  On November 29, 2011, the Petition was transferred to and filed in this District.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Here, it plainly appears that the claim raised in the Petition is not cognizable and could not state any basis for federal habeas relief even if amendment were allowed.  Therefore, the Petition must be dismissed.

**BACKGROUND**

The instant Petition is Petitioner's fifth Section 2254 petition filed in this Court.  On December 14, 1998, Petitioner filed two Section 2254 petitions (Case Nos. CV 98-10016-SVW (MAN) and CV 98-10017-SVW (MAN)), which he voluntarily dismissed, respectively, on January 13, 1999, and December 29, 1998.  On May 20, 1999, Petitioner filed a third Section 2254 petition (Case No. CV 99-5316-SVW (MAN)), which was dismissed, at Petitioner's request, on April 12, 2000.  On September 19, 2000, Petitioner filed his fourth Section 2254 petition (Case No. CV 00-9708-SVW (MAN), which was dismissed with prejudice on December 11, 2001, on the ground that it was untimely.  In January 2003, the Ninth Circuit denied a certificate of appealability.

All five Section 2254 petitions stem from Petitioner's 1996 conviction and sentence.  Of particular relevance here:  on September 19, 1996, Petitioner received a Three Strikes sentence of 25 years to life in state prison; he appealed; and his appeal concluded on December 10, 1997, when the California Supreme Court denied his petition for review.  (*See* Amended Report and Recommendation of May 9, 2001, in Case No. CV 00-9708-SVW (MAN) [Docket Nos. 20-21] at 2-3; *see also* Petition at 2.)

**PETITIONER'S HABEAS CLAIM**

Petitioner contends that his Three Strikes sentence of 25 years to life is an "upper term" and an "aggravated maximum term" sentence that was imposed in violation of his Sixth Amendment right to a jury trial.

He characterizes the sentencing statute under which he was sentenced -- California Penal Code § 1170.12 -- as providing for alternate lower, middle, and upper terms.  Petitioner asserts that the trial judge:  was required to have the jury determine "facts in aggravation" before imposing this "upper term" sentence; and improperly used "a fact not found by a jury" as the basis for selecting an "upper term" sentence, although Petitioner does not identify the "fact" allegedly found by the trial judge.  (Petition at 5.)

Petitioner further asserts that his direct appeal was still pending when the Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and thus, he was entitled to receive the benefit of the rule established by the Apprendi decision.  (Petition at 5.)  Petitioner argues, in addition, that the Supreme Court's decision in Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856 (2007), applies retroactively to his 1996 sentence, and therefore, he is entitled to be re-sentenced to a middle term sentence.  (Id. at 4-8.)

**DISCUSSION**

The Petition fails on its face, because it rests on the misapprehension that Petitioner was sentenced pursuant to the version of California's Determinate Sentencing Law considered, and found wanting, in Cunningham.  Petitioner is mistaken, and his mistake dooms the Petition.

As a threshold matter, Petitioner's assertion that he is entitled to the benefit of the Apprendi rule, because his direct appeal was still

3

pending when Apprendi was decided, is untrue.  Petitioner's appeal concluded in 1997, and Apprendi was not decided until 2000. Petitioner's contention that he was entitled to have Apprendi applied to him is both factually and legally baseless.  The Ninth Circuit has held repeatedly that the Apprendi decision is not retroactively applicable to cases on collateral review.  *See, e.g.,* Cooper-Smith v. Palmateer, 397 F.3d 1236, 1245-46 (9th Cir. 2005); United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002).  While the Ninth Circuit has found that the Supreme Court's decision in Cunningham may be applied retroactively on collateral review to those petitioners whose convictions became final prior to the 2007 issuance of the Cunningham decision but after the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 1531 (2004),[1] this is of no aid to Petitioner, whose conviction became final years earlier in 1997.

In any event, whether retroactive or not, the Apprendi/Cunningham line of decisions has no application to Petitioner's indeterminate Three Strikes sentence.  Contrary to Petitioner's assertions, California Penal Code § 1170.12 does not provide for alternate lower, middle, and upper terms from which a trial judge may select, utilizing his or her discretion.  The statute provides that, when a defendant has two or more prior "strikes" (as did Petitioner), the sentence to be imposed is an "indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated *as the greater of*" three options, which are 25 years, three times the term otherwise provided as the punishment for the current conviction, or the determinate term for the

---

[1]    *See* Butler v. Curry, 528 F.3d 624, 633-39 (9th Cir. 2008).

current conviction with any enhancements found.  California Penal Code § 1170.12(c)(2)(A) (emphasis added).  In short, the trial court does not exercise any discretion in selecting from these options; rather, the trial court must apply the "greater of" the options.  In Petitioner's case, this was the term of 25 years to life to which he was sentenced.

In <u>Cunningham</u>, the Supreme Court held that California's then existing Determinate Sentencing Law, which allowed a judge to find facts that supported the imposition of an upper term sentence, violated the Sixth Amendment under the rule established in <u>Apprendi</u>.  <u>Cunningham</u> did not address indeterminate sentences, such as that received by Petitioner, which do not involve the judicial selection of an upper term sentence and, instead, are based on the fact of the defendant's prior "strike" convictions.  The calculation of the minimum term required under Section 1170.12(c)(1)(A) is not a finding that increases the statutory maximum sentence term, and thus, it does not fall within the <u>Apprendi</u> line of cases.  *See, e.g.,* <u>Chamblis v. Harrington</u>, 2011 WL 5554023, at *21-*22 (C.D. Cal. July 22, 2011)(rejecting a claim that an indeterminate sentence violated <u>Cunningham</u>, because the petitioner was not sentenced under the Determinate Sentencing Law), *accepted by* 2011 WL 5554009 (Nov. 9, 2011); <u>Moore v. Horel</u>, 2010 WL 2574092, at *41 (E.D. Cal. June 24, 2010)(because petitioner received an indeterminate sentence, rather than an upper term sentence, <u>Cunningham</u> was inapplicable to him); <u>Luchie v. Hedgepath</u>, 2010 WL 5826177, at *2 (C.D. Cal. Oct. 8, 2010)(holding that "the *Cunningham* line of cases is inapplicable" to a Three Strikes indeterminate sentence), *accepted by* 2011 WL 662206 (Feb. 8, 2011); <u>Hawkins v. Dexter</u>, 2009 WL 399986, at *11 (N.D. Cal. Feb. 18, 2009)(finding that <u>Apprendi</u> and <u>Cunningham</u> are

inapplicable to petitioners who received indeterminate sentences).

Petitioner's indeterminate sentence is based on the fact that he had sustained prior "strike" convictions, not on the imposition of any upper term.[2]   Accordingly, the Petition, on its face, shows that Petitioner is not entitled to relief, and summary dismissal is required.[3] *See* Smith v. Woodford, 2009 WL 1190217, at *2 (N.D. Cal. May 4, 2009)(summarily dismissing a Section 2254 petition, pursuant to Rule 4, which raised essentially the same claim as that Petitioner raises here).

For the foregoing reasons, IT IS ORDERED that:  the Petition is dismissed, with prejudice, pursuant to Rule 4; and Judgment shall be entered dismissing this action with prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).   The Court concludes that a

---

[2]   As noted above, Petitioner asserts that the trial judge improperly determined a "fact" used as the basis for the indeterminate sentence imposed, although Petitioner does not identify any such "fact." To the extent Petitioner might be complaining that the trial court concluded Petitioner sustained the prior convictions that served as "strikes," no Sixth Amendment issue exists.  The principles set forth in Cunningham, Blakely, and Apprendi do not apply to judicial findings of the existence of prior convictions. *See, e.g.,* Cunningham, 549 U.S. at 281-82, 127 S. Ct. at 864; Apprendi, 530 U.S. at 490, 120 S. Ct. at 2362-63.

[3]   Because the Petition plainly states no cognizable claim and must be dismissed on that basis, the Court has not addressed the other potential bases for dismissal of the Petition that are apparent, including untimeliness (28 U.S.C. § 2244(d)) and the second or successive petition limitation (28 U.S.C. § 2244(b)).

certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: January 16, 2013.

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

7